IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHOK ARORA, for himself and a class, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TRANSWORLD SYSTEMS INC., as successor to NCO FINANCIAL SYSTEMS INC., | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Ashok Arora seeks redress from Transworld Systems Inc., as successor to NCO Financial Systems Inc., for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. NCO and its successor, Transworld ("Transworld / NCO") impermissibly called plaintiff's cell phone without consent or authorization, using an automatic telephone dialing service or an artificial or prerecorded voice ("Predictive Dialer"), contrary to the TCPA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337, and 47 U.S.C. §227. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Because plaintiff lives here, and because defendants (A) do business here, (B) are registered in Illinois a collection agency, and (C) placed calls to plaintiff which (per Caller ID information) came from the 312 area code, venue and personal jurisdiction are proper.

**PARTIES**

5. Plaintiff lives in the Northern District of Illinois.

6. Transworld is a corporation chartered under California law with offices at 507 Prudential Road, Horsham, Pennsylvania 19044, which does business in Illinois, and whose registered agent is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois

60604. Transworld is the successor to NCO, which is also located at 507 Prudential Road, Horsham, Pennsylvania 19044 and has the same registered agent.

7. Transworld (and NCO before it) are collection agencies, and sought to collect defaulted consumer debts originally owed by others, using the mail, telephone and electronic wire services to do so, all in the general course of trade and commerce.

8. Transworld / NCO manages "Agency and Attorney Networks," which are described on its website (http://www.tsico.com/Services/Agency_Attorney_Network.html):

> Transworld Systems Inc. is expanding its existing Agency and Attorney Networks with current and new business opportunities. We are extremely proud of our Agency and Attorney Networks which designs and implements cost-effective collection solutions on behalf of clients across the country. We manage a nationwide network through leading-edge technology and the expertise needed to achieve results.
>
> We strive to surpass the growing and complex needs of our clients through the professional services provided by our Agency and Attorney Networks. TSI is currently seeking collection agencies and law firms to support our growing network and expanded business opportunities. TSI has a variety of business opportunities in which we are seeking professional, cost-conscious industry experts to join our Agency and Attorney Networks. The business opportunities contain, although not limited to, the following: healthcare, commercial, student loans, telecommunications, and bank card.

9. Transworld's Agency and Attorney Networks are continuations of virtually identical networks set up by NCO previously. For example, the Form 10-K annual report filed by NCO's parent company for 2010 said that NCO employees "coordinate and implement legal collection solutions undertaken on behalf of our clients through the management of nationwide legal resources specializing in collection litigation. Our collection support staff manages the attorney relationships and facilitates the transfer of necessary documentation."

10  Each defendant is a "debt collector," as defined in 15 U.S.C. §1692a.

## FACTS

11. Transworld (and NCO before it) uses at least one "Predictive Dialer" as defined by the Federal Communications Commission. Such "Predictive Dialers" were used by defendants to place calls without human intervention until a connection is made, in which case the dialers attempt

to connect the recipient with a debt collector, or deliver an automated, prerecorded message. This permits collectors to make large numbers of automated calls, and attempt to predict when a live representative will be available to take the call.

12. Placing calls to cellular phones with predictive or automated dialers, or using an automated or prerecorded voice, without authorization or a recipient's consent, violates 47 U.S.C. §227(b)(1):

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ....**
>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....**

13. Plaintiff has a cellular telephone, with an assigned number ending in -3846, on a pre-paid account from T-Mobile. He regularly uses the phone, and carries it with him.

14. Plaintiff received calls on his cellular phone from Transworld /NCO which were made (on information and belief) by a Predictive Dialer, without a human hand manually dialing the telephone number.

15. Between August 25, 2014 and November 17, 2014, plaintiff received seven calls on his cellular phone from (312) 235-6101. This is a phone number that was, and is, owned or controlled by Transworld / NCO.

16.     Between September 5, 2014 and November 29, 2014, plaintiff received five further calls on his cellular phone from (312) 800-2831.  This is a phone number that was, and is, owned or controlled by Transworld / NCO.

17.     Plaintiff picked up several calls made to him from (312) 800-2831.  When he did, he heard nothing on the other end of the line, waiting about five to fifteen seconds each time before hanging up on his end of the call.

18.     On November 17, 2014, plaintiff picked up on one of the calls placed from (312) 235-6101.  When he did, the call was immediately disconnected on the other end.  When plaintiff called the number back, a representative of Transworld / NCO advised that an attempt to contact someone named Elizabeth Adams was being made; plaintiff advised that a wrong number was dialed.

19.     Plaintiff did not consent to be called by Transworld / NCO on his cellular phone, through its use of a Predictive Dialer.

20.     Transworld / NCO was not otherwise authorized, under the TCPA, to contact plaintiff on his cellular phone, through its use of a Predictive Dialer.

## COUNT ONE

21.     By the conduct described herein, Transworld / NCO violated the TCPA.

22.     Violations of the TCPA are actionable, even if they are only negligent.

23.     Those who violate 47 U.S.C. §227 are liable under 47 U.S.C. §227(b)(3):

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –**

    **(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

  **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

24. Plaintiff seeks monetary relief for a class under Fed.R.Civ.P. 23(b)(3), as well as classwide injunctive relief under Fed.R.Civ.P. 23(b)(2)

25. The class consists of all persons with cellular numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a date four years prior to the filing of this action, and on or before a date 20 days following the filing of this action, received automated calls from Transworld / NCO, where its records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

26. On information and belief, there are at least 40 persons within this class.

27. There are questions of law and fact common to the members of the class, which predominate over any individualized inquiries. The predominant question is whether Transworld / NCO used a predictive dialer, or an artificial or prerecorded voice, in phone calls placed to Illinois residents on their cell phones, without consent or authorization.

28. Plaintiff's claims are typical of the claims of class members, as they are based on the same facts and legal theories.

29. Plaintiff will fairly and adequately represent the members of the class, as he has retained counsel experienced in TCPA and consumer class actions, and holds no interests that conflict with those held by other class members.

30. A class action is a superior route for claim resolution, because (A) the conduct complained of is uniform and affects a large group of individuals, (B) multiple individual actions are not judicially economical, and (C) class members are likely unaware that their rights have been violated.

31. The conduct of Transworld / NCO is such that providing classwide injunctive relief is appropriate.

WHEREFORE, plaintiff respectfully seeks judgment in favor of himself and the class, awarding

    (A)    statutory damages under the TCPA,

    (B)    costs of litigation,

    (C)    an injunction prohibiting defendant from future violations of the TCPA with respect to plaintiff and the class, along with corresponding declaratory relief, and

    (D)    all other proper relief.

Respectfully submitted,

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that the Plaintiff's counsel claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards. All rights to attorney's fees have been assigned to counsel.

                                              <u>/s/ Daniel A. Edelman</u>
                                              Daniel A. Edelman