# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASHOK ARORA, for himself and a class, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Honorable Charles P. Kocoras |
| v. ) | |
| ) | Case No.: 1:15-v-04941 |
| TRANSWORLD SYSTEMS INC., as ) | |
| successor to NCO FINANCIAL SYSTEMS ) | Magistrate Judge Jeffrey T. Gilbert |
| INC., ) | |
| ) | |
| Defendant. ) | |

## TRANSWORLD SYSTEMS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Transworld Systems, Inc. ("TSI"), through counsel, hereby submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Ashok Arora ("Plaintiff"), and states as follows:

### INTRODUCTION

1. Ashok Arora seeks redress from Transworld Systems Inc., as successor to NCO Financial Systems Inc., for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** TSI admits that Plaintiff purports to bring this lawsuit pursuant to Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") but denies any and all violations and denies that it is the successor to NCO Financial Systems Inc. Except as specifically admitted, TSI denies the allegations in ¶ 1.

2. NCO and its successor, Transworld ("Transworld / NCO") impermissibly called plaintiff's cell phone without consent or authorization, using an automatic telephone dialing service or an artificial or prerecorded voice ("Predictive Dialer"), contrary to the TCPA.

**ANSWER: TSI denies the allegations in ¶ 1.**

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337, and 47 U.S.C. §227. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

**ANSWER: TSI admits the allegations in ¶ 3 for jurisdictional purposes only. Except as specifically admitted, TSI denies the allegations in ¶ 3.**

4. Because plaintiff lives here, and because defendants (A) do business here, (B) are registered in Illinois a collection agency, and (C) placed calls to plaintiff which (per Caller ID information) came from the 312 area code, venue and personal jurisdiction are proper.

**ANSWER: TSI denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

## PARTIES

5. Plaintiff lives in the Northern District of Illinois.

**ANSWER: TSI denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

6. Transworld is a corporation chartered under California law with offices at 507 Prudential Road, Horsham, Pennsylvania 19044, which does business in Illinois, and

whose registered agent is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Transworld is the successor to NCO, which is also located at 507 Prudential Road, Horsham, Pennsylvania 19044 and has the same registered agent.

**ANSWER: TSI admits only that it is a California corporation with an office in Horsham, Pennsylvania and that it has a registered agent in Chicago, Illinois. Except as specifically admitted, TSI denies the allegations in ¶ 5.**

7. Transworld (and NCO before it) are collection agencies, and sought to collect defaulted consumer debts originally owed by others, using the mail, telephone and electronic wire services to do so, all in the general course of trade and commerce.

**Answer: TSI admits only that its business activities include, under certain circumstances, the use of mails and telephone in connection with the collection of debts. Except as specifically admitted, TSI denies the allegations contained in ¶ 7.**

8. Transworld / NCO manages "Agency and Attorney Networks," which are described on its website (http://www.tsico.com/Services/Agency_Attorney_Network.html):

> Transworld Systems Inc. is expanding its existing Agency and Attorney Networks with current and new business opportunities. We are extremely proud of our Agency and Attorney Networks which designs and implements cost-effective collection solutions on behalf of clients across the country. We manage a nationwide network through leading-edge technology and the expertise needed to achieve results.
>
> We strive to surpass the growing and complex needs of our clients through the professional services provided by our Agency and Attorney Networks. TSI is currently seeking collection agencies and law firms to support our growing network and expanded business opportunities. TSI has a variety of business opportunities in which we are seeking professional, cost-conscious industry experts to join our Agency and Attorney Networks. The business

opportunities contain, although not limited to, the following: healthcare, commercial, student loans, telecommunications, and bank card.

**ANSWER: TSI denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

9. Transworld's Agency and Attorney Networks are continuations of virtually identical networks set up by NCO previously. For example, the Form 10-K annual report filed by NCO's parent company for 2010 said that NCO employees "coordinate and implement legal collection solutions undertaken on behalf of our clients through the management of nationwide legal resources specializing in collection litigation. Our collection support staff manages the attorney relationships and facilitates the transfer of necessary documentation."

**ANSWER: TSI denies the allegations in ¶ 9.**

10  Each defendant is a "debt collector," as defined in 15 U.S.C. §1692a.

**ANSWER: TSI admits only that when it acts as a debt collector as defined by 15 U.S.C. §1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA. Except as specifically admitted, TSI denies the allegations in ¶ 10.**

## FACTS

11. Transworld (and NCO before it) uses at least one "Predictive Dialer" as defined by the Federal Communications Commission. Such "Predictive Dialers" were used by defendants to place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector, or deliver

4

an automated, prerecorded message. This permits collectors to make large numbers of automated calls, and attempt to predict when a live representative will be available to take the call.

        **ANSWER: TSI denies the allegations in ¶ 11.**

12. Placing calls to cellular phones with predictive or automated dialers, or using an automated or prerecorded voice, without authorization or a recipient's consent, violates 47 U.S.C. §227(b)(1):

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

    (A)    to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ....

        (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....

        **ANSWER: Paragraph 12 contains only a legal conclusion requiring no response. To the extent an answer is necessary, TSI denies any violations or wrongdoing as alleged in ¶ 12. Except as specifically admitted, TSI denies the allegations in ¶ 12.**

13. Plaintiff has a cellular telephone, with an assigned number ending in -3846, on a pre-paid account from T-Mobile. He regularly uses the phone, and carries it with him.

**ANSWER: TSI denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

14. Plaintiff received calls on his cellular phone from Transworld /NCO which were made (on information and belief) by a Predictive Dialer, without a human hand manually dialing the telephone number.

**ANSWER: TSI denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

15. Between August 25, 2014 and November 17, 2014, plaintiff received seven calls on his cellular phone from (312) 235-6101. This is a phone number that was, and is, owned or controlled by Transworld / NCO.

**ANSWER: TSI denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

16. Between September 5, 2014 and November 29, 2014, plaintiff received five further calls on his cellular phone from (312) 800-2831. This is a phone number that was, and is, owned or controlled by Transworld / NCO.

**ANSWER: TSI denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

6

17. Plaintiff picked up several calls made to him from (312) 800-2831. When he did, he heard nothing on the other end of the line, waiting about five to fifteen seconds each time before hanging up on his end of the call.

**ANSWER: TSI denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

18. On November 17, 2014, plaintiff picked up on one of the calls placed from (312) 235-6101. When he did, the call was immediately disconnected on the other end. When plaintiff called the number back, a representative of Transworld / NCO advised that an attempt to contact someone named Elizabeth Adams was being made; plaintiff advised that a wrong number was dialed.

**ANSWER: TSI denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

19. Plaintiff did not consent to be called by Transworld / NCO on his cellular phone, through its use of a Predictive Dialer.

**ANSWER: TSI denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

20. Transworld / NCO was not otherwise authorized, under the TCPA, to contact plaintiff on his cellular phone, through its use of a Predictive Dialer.

**ANSWER: TSI denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief as to the truth therein.**

### COUNT ONE

21. By the conduct described herein, Transworld / NCO violated the TCPA.

**ANSWER: TSI denies the allegations in ¶ 21.**

22. Violations of the TCPA are actionable, even if they are only negligent.

**ANSWER: There are no allegations in ¶ 22 directed at TSI which contains only a conclusion of law to which no response is required. To the extent an answer is required, TSI denies that it acted in a way that was prohibited by or violated the TCPA. Except as specifically admitted, TSI denies the allegations in ¶ 22.**

23. Those who violate 47 U.S.C. §227 are liable under 47 U.S.C. §227(b)(3):

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

   (A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

   (B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

   (C)  both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**ANSWER: There are no allegations in ¶ 23 directed at TSI which contains only a conclusion of law to which no response is required. To the extent an answer is required, TSI denies that it acted in a way that was prohibited by or violated the TCPA. Except as specifically admitted, TSI denies the allegations in ¶ 23.**

## CLASS ALLEGATIONS

24. Plaintiff seeks monetary relief for a class under Fed.R.Civ.P. 23(b)(3), as well as classwide injunctive relief under Fed.R.Civ.P. 23(b)(2)

**ANSWER: TSI admits Plaintiff purports to bring this action as a class action, but denies Plaintiff meets the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, TSI denies the allegations in ¶ 24.**

25. The class consists of all persons with cellular numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) who, on or after a date four years prior to the filing of this action, and on or before a date 20 days following the filing of this action, received automated calls from Transworld / NCO, where its records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

**ANSWER: TSI denies the allegations in ¶ 25.**

26. On information and belief, there are at least 40 persons within this class.

**ANSWER: TSI denies the allegations in ¶ 26.**

27. There are questions of law and fact common to the members of the class, which predominate over any individualized inquiries. The predominant question is whether Transworld / NCO used a predictive dialer, or an artificial or prerecorded voice, in phone calls placed to Illinois residents on their cell phones, without consent or authorization.

**ANSWER: TSI denies the allegations in ¶ 27.**

28. Plaintiff's claims are typical of the claims of class members, as they are based on the same facts and legal theories.

**ANSWER:    TSI denies the allegations in ¶ 28.**

29. Plaintiff will fairly and adequately represent the members of the class, as he has retained counsel experienced in TCPA and consumer class actions, and holds no interests that conflict with those held by other class members.

**ANSWER:    TSI denies the allegations in ¶ 29.**

30. A class action is a superior route for claim resolution, because (A) the conduct complained of is uniform and affects a large group of individuals, (B) multiple individual actions are not judicially economical, and (C) class members are likely unaware that their rights have been violated.

**ANSWER:    TSI denies the allegations in ¶ 30.**

31. The conduct of Transworld / NCO is such that providing classwide injunctive relief is appropriate.

**ANSWER:    TSI denies the allegations in ¶ 31.**

### AFFIRMATIVE DEFENSES

AND NOW, in further Answer to the Complaint, Defendant, Transworld Systems, Inc., avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Assuming Plaintiff suffered any damages, which is denied, Plaintiff failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

**THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, TSI had the prior express consent of the called party or parties, such number(s) was provided during the transaction that resulted in the debt owed, the number was provided by the called party to a creditor in connection with services rendered by such creditor, as part of the application for such services or subsequent thereto.

**FOURTH AFFIRMATIVE DEFENSE**

The equipment used by TSI is not covered by or subject to the TCPA.

**FIFTH AFFIRMATIVE DEFENSE**

The phone calls made to Plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

**SIXTH AFFIRMATIVE DEFENSE**

Calling cellular numbers manually, without the aid or use of an automatic telephone dialing system, and without an artificial or prerecorded voice, is not prohibited by the TCPA.

**SEVENTH AFFIRMATIVE DEFENSE**

One or more of the calls was made by equipment that did not have the capacity to store or produce telephone numbers to be called using a random or sequential number

generator and to dial such numbers; one or more of the calls was made without using an artificial or prerecorded voice.

WHEREFORE, Defendant, Transworld Systems, Inc., respectfully requests that this answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for TSI and for all other general and equitable relief.

Respectfully submitted,

*/s/: Daniel W. Pisani*

Daniel W. Pisani, Esq.
James K. Schultz, Esq.
Sessions Fishman Nathan & Israel, LLC
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603-3651
Telephone:   (312) 578-0990
Facsimile:   (312) 578-0991
E-mail:   dpisani@sessions-law.biz
          jschultz@sessions-law.biz

*Attorneys for Defendant,*
*Transworld Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015, a true and correct copy of **Transworld Systems, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/: Daniel W. Pisani*