

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 17 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ASHOK ARORA, for himself and a class, )
        Plaintiff, ) Honorable Charles P. Kocoras
        v. ) Case No.: 1:15-v-04941
TRANSWORLD SYSTEMS INC., as ) Magistrate Judge Jeffrey T. Gilbert
successor to NCO FINANCIAL SYSTEMS )
        Defendant )

**MOTION TO COMPEL DISCOVERY RESPONSE**

The plaintiff, Ashok Arora, requests this honorable court for an order compelling the respondent, T-Mobile USA Inc., to promptly produce documents and information requested in the two subpoenas that were served on it on May 17, 2016 and June 24, 2016, respectively.

1. The first subpoena requesting information on plaintiff's cell phone account and activity was served on T-Mobile USA, Inc., Custodian of Records by way of fax to 973-292-8697 on May 17, 2016.

2. The second subpoena requesting historical information on the phone number of the plaintiff's cell phone number as well as some additional information on plaintiff's cell phone account was served on T-Mobile USA, Inc. Custodian of Records by way of fax to 973-292-8697 on June 24, 2016.

3. Between June 1, 2016 and August 15, 2016, plaintiff has made about eight calls to T-Mobile USA Inc., Custodian of Records, at telephone number 973-292-8911; to inquire the status of their response to subpoena and to answer any questions or objections the respondent may have.

1

4. To date, T-Mobile has not responded to plaintiff's first subpoena that was served on it on May 17, 2016.

    A. **Plaintiff requests that T-Mobile be compelled** to respond to plaintiff's first subpoena that was served on it on May 17, 2016. Response to this subpoena is very important as plaintiff does not receive monthly statements as this being a pre-paid service.

    B. **Plaintiff also requests that T-Mobile be compelled** to mail its response to the court as well as a copy to plaintiff. T-Mobile has shown reluctance to mail its response.

    C. On plaintiff's last call to T-Mobile on August 15, 2016, plaintiff was informed by T-Mobile representative Megan that she cannot find the subpoena. However, on earlier calls to T-Mobile, representatives answering plaintiff's calls had been able to find it.

5. T-Mobile has provided a partial response to plaintiff's second subpoena that was issued June 24, 2016.

    A. However, it had sent its response to the process server instead of directly to plaintiff or to the court.

    B. Plaintiff found out about it only on August 8, 2016 when he called T-Mobile to inquire its status.

    C. Plaintiff then contacted the process server who forwarded it to plaintiff on August 11, 2016.

   D. T-Mobile had sent the response by fax. Part of the document received by fax is unreadable, possibly due to original document containing color or gray shades and the receiving fax being black-and-white only.

   E. **Plaintiff requests that T-Mobile be compelled** to promptly mail its response to second subpoena that was served on it on June 24, 2016, to this court and a copy to plaintiff.

6. On the latest call by plaintiff on August 15, 2015 to T-Mobile, Ms Megan of T-Mobile expressed concern that the subpoena was not signed by an attorney or the court Clerk. Therefore, plaintiff finds it necessary to seek this court's intervention to avoid further delays. Prior to issuing the subpoena, plaintiff had contacted Clerk's office and was told that the Clerk signs criminal subpoenas and that he can sign his own civil subpoenas.

          Respectfully Submitted,

          _____
          Ashok Arora, Pro Se
          869 E Schaumburg Rd 217
          Schaumburg, IL 60194

## Certificate of Good Faith Attempts to Resolve Dispute

Plaintiff, Ashok Arora, hereby certifies that he has made several good faith attempts to get T-Mobile USA, Inc. to respond to the subpoena:

1. On June 1, 2016, the day after the presentment date of the subpoena that was served May 17, 2016, plaintiff placed a telephone call to Custodian of Records for T-Mobile USA, Inc. at telephone number 973-292-8911. The call was answered by representative Malia, who stated the average turnaround time for subpoena is 4 to 6 weeks.

2. Plaintiff waited three more weeks, and then on June 22, 2016, placed another call to 973-292-8911. The call was answered by Carol who informed plaintiff that she was going to escalate the subpoena and suggested that plaintiff allow five more days for a response.

3. On June 29, 2016, call by plaintiff to 973-292-8911 was answered by Nicole, who, at first could not find plaintiff's May 17th subpoena, but later said she had found it. She informed plaintiff that it will take two weeks and that response will be send to the court.

4. On July 14, 2016, call by plaintiff to 973-292-8911 was answered by Steve, who stated that a person had been assigned to work on the subpoena.

5. On July 22, 2016, call by plaintiff to 973-292-8911 was answered by Antoinette, who informed that plaintiff would be receiving an invoice and the subpoena response will be sent once the payment is received. Plaintiff provided Antoinette with a fax number to which the invoice could be faxed to avoid mail delays. (To-date, plaintiff has not received the invoice).

6. On July 28, 2016, call by plaintiff to 973-292-8911 was answered by Olu. He stated that Cynthia was working on the subpoena.

4

7. On August 8, 2016, call by plaintiff to 973-292-8911 was answered by Wendy, who informed plaintiff that Diana had worked on his subpoena but was out of office. She transferred plaintiff to voicemail of her supervisor, Randall Thompson.

8. Later, on August 8, 2016 itself, Mr. Randall returned plaintiff's call and informed plaintiff that a response was already sent on August 3rd by fax to his investigator (process server who had served the subpoena on T-Mobile).

9. On August 15, 2016, call by plaintiff to 973-292-8911 was answered by Ms Megan. She stated she is unable find the subpoena that was served May 17, 2016. Plaintiff requested that they mail their response to June 24th subpoena as their response by fax was unreadable. Ms Megan agreed to mail it but raised a concern that the subpoena was not signed by an attorney or the Clerk.