**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ASHOK ARORA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Honorable Charles P. Kocoras |
| v. ) | |
| ) | Case No.: 1:15-v-04941 |
| TRANSWORLD SYSTEMS INC., as ) | |
| successor to NCO FINANCIAL SYSTEMS ) | Magistrate Judge Jeffrey T. Gilbert |
| INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL**

NOW COMES defendant, TRANSWORLD SYSTEMS INC. (hereinafter "TSI"), by and through its undersigned attorneys and in response to plaintiff's motion to compel, states as follows:

**I.      Introduction**

On June 4, 2015, plaintiff filed a single count complaint alleging that TSI violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*. by calling his cellular telephone with an automated dialer and without his prior express consent. Specifically, plaintiff alleged that TSI called his cellular phone number a total of 12 times between August 25, 2014 and November 29, 2014. *Dkt. 1, ¶ 15, 16.* Plaintiff did not allege receiving any other calls and he made no additional claims of wrongdoing on the part of TSI.

The allegations contained in plaintiff's complaint are straightforward and concise, they are not complicated. As a result, the discovery exchanged to date has been

straightforward and tailored to the narrow issues arising from plaintiff's complaint. TSI has already responded to multiple sets of discovery requests and has produced records that reflect all calls it placed to the telephone number plaintiff alleged in his complaint.

Now, instead of pursuing discovery related to the alleged TCPA violations resulting from the 12 phone calls plaintiff claims he received in 2014, plaintiff seeks to compel discovery on vastly different issues involving purported harassment dating back to 2009. Plaintiff has conceded that he seeks such discovery to pursue "other charges" and he has repeatedly stated that he wants to bring other claims against TSI[1]. Plaintiff also believes that his T-Mobile cell phone account was "most likely manipulated" and that there may be a "hate crime" involved because the date service began on his T-Mobile account was 9/11. *Dkt. 42, p. 7*. Regardless of whether plaintiff's theories can be proven in some other forum, these are not issues raised by the operative TCPA complaint in this matter and plaintiff cannot use discovery in this litigation to pursue those theories. Plaintiff's motion to compel should be denied.

## II.     Specific Discovery Requests

### A. Interrogatory Number 4 of Plaintiff's First Set of Discovery Requests

After recounting the discovery request and response, plaintiff now requests that "defendant immediately identify a company representative who can testify on" the issues raised in the interrogatory. *Dkt. 42, p. 9.* To be clear, Mr. Arora has <u>not</u> moved to compel

---

[1] Indeed, in this litigation plaintiff recently requested leave to amend his complaint to add claims of Intentional Infliction of Emotional Distress and violations of the Fair Debt Collection Practices Act. *Dkt. 35*. Leave to amend the complaint was denied by this Honorable Court on August 23, 2016. *Dkt. 41*. Accordingly, the original complaint alleging a single TCPA count remains the operative pleading.

any deposition. Nevertheless, any attempt to re-open discovery to engage in oral testimony should be rejected. Plaintiff has requested multiple extensions of time to complete discovery and he was granted a final extension for the completion of all discovery by August 23, 2016. *Dkt. 31*. Plaintiff cannot now reopen discovery to take depositions when they could have been taken prior to August 23, 2016. This litigation should not be delayed any longer and this request should be denied.

### B. Interrogatory Number 8 of Plaintiff's First Set of Discovery Requests

In this interrogatory, plaintiff asks TSI to "state all reasons, and identify all documents, which defendant asserts gave it the right, and the ability, to call" the phone number he claims is his. *Dkt. 42, p. 10*. TSI objected to this interrogatory on grounds that it was vague confusing and irrelevant. The irrelevancy of plaintiff's request is exemplified by plaintiff's assertion that this discovery may lead to "other charges." *Dkt. 42, p. 10*. As discussed above, plaintiff has already advised the court that he intends to pursue other claims against TSI and he is attempting to use discovery in this litigation as a vehicle for those pursuits. He should not be permitted to do so.

Plaintiff's claim that such discovery "may lead to determination of willful and knowing violation of the TCPA" is also without any merit. What has been clear all along in this litigation, and what has already been established by the documents produced during discovery, is that TSI had an account in the name of a third party - not Ashok Arora. In an attempt to collect that account, TSI called the phone number that Arora claims is his. The records already produced identify the dates, times and results of those calls. Moreover, the reason for those calls was to collect the account, which is evident by the account records

3

themselves. There is no basis to compel a further response, for there is no further information to provide.

    **C.    Request for Production Number 5 of Plaintiff's First Set of Discovery Requests**

Plaintiff has asked for the production of a document that explains some of the codes and abbreviations used the account notes. No such document exists. Nevertheless, counsel for TSI has explained many of the abbreviations to plaintiff and agrees to provide plaintiff with an explanation of any of the codes or abbreviations he still does not understand.

    **D.    Request for Production Number 11 of Plaintiff's First Set of Discovery Requests**

This request is for documents that relate "to the debt that defendant was attempting to collect when it called" the number plaintiff claims was his "(including account agreements, correspondence between the creditor and the alleged debtor, billing statements, and evidence of payments)." *Dkt. 43, p. 13.* Clearly, this request is overbroad and seeks information wholly irrelevant to the claim raised in this lawsuit. The issue raised by plaintiff's complaint is whether TSI violated the TCPA. Billing statements and correspondence between TSI and the debtor, who is an unrelated third party, have no bearing whatsoever on any issue raised by plaintiff's complaint. TSI has already acknowledged that the debtor for the account it was trying to collect when the subject calls were placed was not Mr. Arora. The documentation already produced showing the time and date of each call further establishes that the account was in the name of an unrelated third party and that Mr. Arora was the wrong party. The billing statements directed to the

unrelated third party and correspondence between TSI and this person are not relevant to any issue raised in plaintiff's complaint. This request should be denied.

### E. Interrogatory Number 3 of Plaintiff's Second Set of Discovery Requests

TSI initially objected to this interrogatory because plaintiff served more written interrogatories than permitted under the Federal Rules of Civil Procedure. Rule 33 limits the number of interrogatories a party may serve without leave of court or written stipulation. *Fed. R. Civ. P. 33(a)*("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.") It is without question that, when including discrete subparts, plaintiff has served well more than 25 interrogatories in the two sets of discovery requests served on TSI. For example, in just one of the interrogatories served in his second set of discovery request, plaintiff included 14 separate sub-parts. *See Dkt. 42, p. 69-70*. This particular interrogatory is also objectionable because it seeks information not relevant to the allegations in the complaint and not proportional to the needs of this case. The interrogatory asks:

> For each call center from which a call was made to phone number 224- 622-3846 by TSI on or after October 10, 2009, please state the following:
>
>     a. Call center business name
>     b. Call center address
>     c. Period during which calls were made from this call center to 224-622-3846
>     d. Was the call center managed by TSI during above period?
>     e. Did the call center make calls exclusively for TSI during above period?

*Dkt. 42., p. 70*

This request has no relationship to the TCPA claims plaintiff makes in his complaint. As a reminder, plaintiff has alleged that TSI called him a total of twelve times between August 25, 2014 and November 29, 2014. *Dkt. 1, ¶ 15, 16.* Instead of tailoring his discovery requests to his own allegations of wrongdoing that he alleged occurred in 2014, he now seeks to obtain information regarding a "call center" back in 2009. This information is not relevant to any of the issues raised by plaintiff's complaint and clearly not proportional to the needs of the case. Information regarding a "call center" back in 2009, or at any time for that matter, has absolutely no relationship to whether TSI violated the TCPA and is certainly not proportional to the needs of the case.

Plaintiff's theorizes that "calls from different agencies appear to be coordinated" in an effort to harass him. *Dkt. 42, p. 15*. This is a theory that Mr. Arora has espoused before and he has also sued other collection agencies[2]. Nevertheless, conduct of other agencies who may or not have harassed him at some other point in time is irrelevant to Arora's allegations that TSI violated the TCPA in 2014. If Mr. Arora wants to pursue claims of coordinated harassment against him, he can pursue those claims elsewhere. But, he should not be permitted to use discovery in this lawsuit to do so.

### F. Interrogatory Number 8, 9 and 10 of Plaintiff's Second Set of Discovery Requests

In these three interrogatories Mr. Arora seeks information regarding entries in the third party's account notes going back to 2012, a year before the calls plaintiff has alleged

---

[2] *See Arora v. Midland Credit Management, Inc.* 1:15-cv-06109 (transferred to Southern District of California as case 3:15-cv-01712).

he received. Regardless that plaintiff has served more written interrogatories than permitted under the Federal Rules of Civil Procedure, and that these requests are for arguably irrelevant information, TSI agrees to provide a plaintiff with an explanation of these entries and the abbreviations used in the account notes.

### G. Request for Production Number 4 of Plaintiff's Second Set of Discovery Requests

In this request, Mr. Arora requests the production of "a copy of the fax received by TSI on 01/25/2012 and stored in image identified by 20120125131710991T2ZHOWX." *Dkt. 42, p. 75*. TSI objects to this request because it seeks a document allegedly sent by an unrelated third party more than two years prior to the calls alleged by Mr. Arora. The document is not relevant to plaintiff's claims of TCPA violations that occurred in 2014 and the objections should be sustained.

### III. Conclusion

For the foregoing reasons, TSI requests that plaintiff's motion to compel be denied.

Respectfully Submitted,

*/s/Daniel W. Pisani*
Daniel W. Pisani
James K. Schultz
Sessions, Fishman, Nathan & Israel, LLC
120 South LaSalle Street, Suite 1960
Chicago, Illinois 60603
Telephone: (312) 578-0990
E-mails: dpisani@sessions.legal
jschultz@sessions.legal

*Attorneys for Defendant,*
*Transworld Systems Inc.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2016, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will automatically be sent to the all parties of record by operation of the Court's electronic filing system.

*/s/Daniel W. Pisani*