UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ASHOK ARORA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 15 C 4941 |
| | ) | |
| | ) | Judge Charles P. Kocoras |
| | ) | |
| TRANSWORLD SYSTEMS INC., | ) | |
| as successor to NCO FINANCIAL | ) | |
| SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court are two motions to compel discovery responses that Plaintiff Ashok Arora ("Arora") filed against Defendant Transworld Systems Inc. ("TSI"), the successor to NCO Financial Systems Inc. Dkt. 37 and Dkt. 39. For the following reasons, the motions to compel are denied in part and granted in part.

## STATEMENT

On June 4, 2015, Arora filed his class action complaint and a motion for class certification. This Court denied Arora's motion for class certification without prejudice to refiling after the parties completed discovery. *See* Dkt. 19. The complaint alleges that TSI violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Arora claims that he owns a cellular phone "with an assigned number ending in -3846, on a pre-paid account from T-Mobile," and that

1

"[b]etween August 25, 2014 and November 17, 2014" he allegedly "received seven calls on his cellular phone from (312) 235-6101." Dkt. 1, ¶¶ 13, 15. Additionally, he asserts that "[b]etween September 5, 2014 and November 29, 2014" he received five more calls "on his cellular phone from (312) 800-2831." *Id.* at ¶ 16. On November 17, 2014, after answering a call from (312) 235-6101, Arora claims that "the call was immediately disconnected on the other end." *Id.* ¶ 18. Consequently, Arora called the number back at which point a representative from TSI/NCO allegedly informed him "that an attempt to contact someone named Elizabeth Adams was being made." *Id.* Subsequently, Arora explained that they had dialed the wrong number. *Id.*

TSI answered the complaint and filed its affirmative defenses on July 23, 2015. Thereafter, this Court set a close of fact discovery for January 12, 2016, but the Court later extended the discovery deadline to July 7, 2016. Discovery did not close on July 7, 2016; rather, the discovery deadline was again extended a final time to August 23, 2016. Less than a week before the August 23, 2016 close of discovery date, Arora moved to file an amended complaint and he filed two motions to compel discovery responses from TSI. On August 23, 2016, at a status and motion hearing before this Court, we denied Arora's motion for leave to amend the complaint and we set briefing schedules for the motions to compel, which allowed Arora to supplement the two motions to compel that he had previously filed. Arora filed a supplemental brief on September 6, 2016. On September 20, 2016, TSI filed its response in opposition to the motions to compel.

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Unless otherwise limited by court order . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Courts generally interpret the definition of relevancy under Rule 26(b)(1) quite broadly, however, limitations may be imposed. *Para v. Neal*, No. 07 C 1506, 2008 WL 205441, at *3 (N.D. Ill. Jan. 28, 2008). District courts, therefore, have "extremely broad discretion in limiting the scope and sequence of discovery." *Id*. With these principles in mind, the Court addresses Arora's two motions to compel, which are supported by his supplemental brief.

Arora's first motion to compel asks this Court to order TSI "to promptly produce documents and information requested in the two subpoenas that were served on it on May 17, 2016 and June 24, 2016." Dkt. 37, p. 1. For the following reasons, the first motion to compel is denied.

The May 17, 2016 subpoena allegedly sought information regarding Arora's cell phone account and activity, and the June 24, 2016 subpoena purportedly requested "historical information on the phone number" associated with Arora's cell phone and additional information as to Arora's cell phone account. *Id*. Arora's supplemental brief does not include any additional facts as to what information was sought from the May 17, 2016 subpoena. Nor does TSI's response brief address

Arora's request for an order from this Court compelling TSI to "produce documents and information requested in the two subpoenas that were served on it on May 17, 2016 and June 24, 2016." *Id.* Nevertheless, Arora's motion to compel TSI to "produce documents and information requested" in the May 17, 2016 subpoena is denied because this request is overbroad. Further, Arora's supplemental brief fails to even discuss this request, let alone specify what the May 17, 2016 subpoena sought other than the broad sweeping description articulated in the first motion to compel.

Regarding the June 24, 2016 subpoena, Arora claims that T-Mobile sent an "unreadable" partial response to the June 24, 2016 subpoena to his process server instead of sending its response to him. Dkt. 37, p.3 Consequently, Arora asks the Court to compel T-Mobile "to promptly mail its response" to the June 24, 2016 subpoena "to this court and a copy to plaintiff." *Id.* Arora's supplemental brief, however, indicates that he received a "new response on August 20, 2016" to the June 24, 2016 subpoena by mail. Dkt. 42, p. 5. Thus, Arora's request that "T-Mobile be compelled to promptly mail its response" to the June 24, 2016 subpoena to him and to this Court is denied as moot.

The second motion to compel asks the Court to order TSI to answer various interrogatories and to produce certain documents from Arora's first and second set of discovery requests. The Court addresses each the requests articulated in the second motion to compel, which are supported by Arora's supplemental brief.

## I. Interrogatory Number Four of Arora's First Set of Discovery Requests

Interrogatory number four of Arora's first set of discovery requests seeks information regarding the identity of "all persons with knowledge about the following subjects . . . the content of account notes generally, and the account notes for the account (or accounts) on which NCO or TSI were attempting to collect when NCO or TSI dialed (224) 622-3846." Dkt. 42, Pl. Ex. 1, p. 4. TSI initially objected to this interrogatory as "vague, overly broad" and not "reasonably tailored to lead to the discovery of relevant and admissible evidence." Dkt. 42, p. 9. However, despite this objection TSI also stated, "[w]ithout waving these objections and subject thereto, TSI will identify a company representative that could testify on these issues." *Id*.

According to Arora's supplemental brief, TSI has yet to identify such a company representative. Therefore, in his second motion to compel Arora asks this Court to compel TSI to provide the "identities of persons with knowledge of content of account notes, dialers etc. [n]eeded so depositions may be taken." Dkt. 39, ¶ 9, D. Arora's supplemental brief, on the other hand, merely requests that TSI "immediately identify a company representative who can testify on issue 'a,'" identified in interrogatory four of Arora's first set of discovery requests. Issue 'a' seeks information regarding "[t]he content of account notes generally, and the account notes for the account (or accounts) on which NCO or TSI were attempting to collect when NCO or TSI dialed (224) 622-3846." Dkt. 42, p. 9. The motion to compel and Arora's supplemental brief contain slightly different requests.

TSI asserts that "Arora has not moved to compel any deposition . . . [and] any attempt to re-open discovery to engage in oral testimony should be rejected." Dkt. 43, p. 2–3. Despite this objection, the Court notes that prior to the close of discovery, TSI agreed to "identify a company representative that could testify" as to the issues discussed in interrogatory number four of Arora's first set of discovery requests. This commitment came before the close of discovery. Moreover, in TSI's response brief, it agreed to provide Arora with further explanations of the codes and abbreviations used in account notes. *Id*. p. 4. Thus, in consideration of TSI's previous commitment and its statements in its response brief, together with the fact that Arora's supplemental brief seeks the identity of a company representative who can testify on issue "a" of interrogatory four of Arora's first set of discovery requests, which seems to overlap with the information that TSI has already agreed to provide to Arora, the Court orders TSI to provide the name of an individual who can provide Arora with the information he seeks from this discovery request.

## II.    Interrogatory Number Eight of Arora's First Set of Discovery Requests

Interrogatory number eight of Arora's first set of discovery requests asks TSI to "state all reasons, and identify all documents, which defendant asserts gave it the right, and the ability, to call" the phone number ending in 3846 to collect on a debt. Dkt. 42, Pl. Ex. 1, p. 5. (We note that this request is not in Arora's motion to compel, but it is in his supplemental brief.) Arora wants this information to prove that TSI did not have a legitimate reason to call his cell phone number, and instead, TSI was

calling to harass him. According to Arora, this information may demonstrate that TSI "willfully and knowingly" violated the TCPA and it may also lead to other charges.

The request to compel TSI to respond to this interrogatory is denied because, as TSI has explained, the documents already produced during discovery demonstrate why TSI called the cell phone number ending in 3846. TSI asserts that these documents show "that TSI had an account in the name of a third party-not Ashok Arora" and that "[i]n an attempt to collect that account, TSI called the phone number that Arora claims is his . . . the reason for those calls was to collect the account." Dkt. 43, p. 3. Thus, based on this assertion, this request is denied as TSI has responded to this interrogatory.

## III. Request for Production Number Five of Arora's First Set of Discovery Requests

Request for production number five of Arora's first set of discovery requests seeks "any document that explains the contents of account notes, including any codes used to identify employees making the notes (or notes made automatically by computer hardware or software), that explains the actions of defendant that are being recorded in the notes, and that explains the meaning abbreviations or shorthand used in entries made on the account notes." Dkt. 42, Pl. Ex. 1, p. 6. Arora argues in the second motion to compel that "[a]s a very large collection agency employing thousands of agents, it seems reasonable that the defendant would have such a document in the form of a help document or user guide or a training guide readily

7

available for its agents." Dkt. 39, ¶ 9, A. However, according to TSI, no such documents exist. Dkt. 43, p. 4. Consequently, the Court cannot compel TSI to produce something that is nonexistent. Moreover, TSI states that it has "explained many of the abbreviations to" Arora and that it will continue to provide explanations "of any of the codes or abbreviations [Arora] still does not understand." *Id*. Accordingly, this dispute appears to be moot.

## IV. Request for Production Number Eleven of Arora's First Set of Discovery Requests

Pursuant to request for production number eleven of Arora's first set of discovery requests, Arora seeks "any document possessed by defendant which relates to the debt that defendant was attempting to collect when it called" the phone number ending in 3846, including "account agreements, correspondence between the creditor and the alleged debtor, billing statements, and evidence of payments." Dkt. 42, Pl. Ex. 1, p. 6. Arora argues that this information is "needed to determine if defendant had just reasons for calling" his cell phone. Dkt. 39, ¶ 9, C. The Court agrees with TSI that this request is overbroad and that it seeks irrelevant information. Moreover, as recounted above, Arora has adequate information to determine whether TSI "had just reasons for calling" his cell phone. Indeed, according to TSI, Arora received documents during discovery that demonstrate why TSI called the cell phone number ending in 3846. Those documents show that TSI "had an account in the name of a third party-not Ashok Arora" and that "[i]n an attempt to collect that account, TSI

called the phone number that Arora claims is his." Dkt. 43, p. 3. According to TSI, those documents have already been produced, therefore, this request is denied.

## V.   Interrogatory Number Three of Arora's Second Set of Discovery Requests

Interrogatory number three of Arora's second set of discovery requests asks "[f]or each call center from which a call was made to phone number 224-622-3846 by TSI on or after October 10, 2009," please provide the following information:

a. Call center business name
b. Call center address
c. Period during which calls were made from this call center to 224-622-3846
d. Was the call center managed by TSI during above period?
e. Did the call center make calls exclusively for TSI during above period?

Dkt. 42, Pl. Ex. 4; *see also* Dkt. 43, p. 5. This interrogatory seeks information from a time period that is irrelevant to Arora's TCPA claim. Thus, we agree with TSI; as written, this request is overbroad and seeks "information that is not relevant to any of the issues raised by [Arora's] complaint." Dkt. 43, p. 6. For these reasons, the motion to compel TSI to answer this interrogatory is denied.

## VI.   Interrogatory Numbers Eight, Nine, and Ten of Arora's Second Set of Discovery Requests

Interrogatories eight through ten of Arora's second set of discovery requests ask for an explanation of certain information for three different entries in the third party's account notes. Dkt. 43, p. 6. TSI asserts that Arora "has served more written interrogatories than permitted under the Federal Rules of Civil Procedure" and that

9

these particular interrogatories seek "arguably irrelevant information." *Id.* p. 7. Nonetheless, TSI has agreed to provide Arora "with an explanation of these entries and the abbreviations used in the account notes." *Id.* Thus, Arora's motion to compel TSI to respond to interrogatories eight through ten of Arora' second set of discovery requests is denied as moot because TSI has agreed to produce this information.

The Court notes that the second motion to compel asks this Court to compel TSI to respond to interrogatories six and seven of Arora's second set of discovery requests, yet Arora's supplemental brief does not mention these interrogatories. Nor does TSI contest this request in its response brief. Similarly to interrogatories eight through ten of Arora's second set of discovery requests, interrogatories six and seven of the second set of discovery requests appear to seek explanations of "codes, abbreviations and shorthand that appear in account notes." Dkt. 39, ¶ 9, F. Due to the similarity of the information sought by interrogatories six and seven of Arora's second set of discovery requests to the information sought by interrogatories eight through ten of Arora's second set of discovery requests, and because TSI has already agreed to provide Arora with an explanation of the entries and the abbreviations described in interrogatories eight though ten of Arora's second set of discovery requests, TSI is required to provide a similar explanation of the codes, abbreviations and shorthand described in interrogatories six and seven of Arora's second set of discovery requests.

## VII.   Requests for Production Number Four of Arora's Second Set of Discovery Requests

Request for production number four of Arora's second set of discovery requests seeks "a copy of the fax received by TSI on 01/25/2012 and stored in image identified by 20120125131710991T2ZHOWX." Dkt. 42, Pl. Ex. 4.  The Court agrees with TSI that this request seeks information that is not relevant to Arora's TCPA claim, which is based on phone calls that he allegedly received between August 2014 and November 2014.  Moreover, Arora's assertion that "this communication was received after [Arora] had already informed the defendant that they were calling a wrong number" cannot be true because he did not inform TSI that they were calling a wrong number until November 17, 2014—more than two years after the fax was received. *See* Dkt. 1, ¶ 18; *cf.* Dkt. 42, p. 19.    Accordingly, the motion to compel TSI to produce a copy of the fax that it received on January 25, 2012 is denied.

## VIII.  Request for Production Number Six of Arora's First Set of Discovery Requests

Request for production number six of Arora's first set of discovery requests seeks "any document (including instruction manuals, user guides and pamphlets, online help files, 'Read Me' files, and so on) relating to the automated or predictive dialers used to call (224) 622-3846." Dkt. 42, Pl. Ex. 1, p. 6.  While Arora's second motion to compel asks this Court to compel TSI to produce this information, Arora's supplemental brief does not contain any mention of request for production number six

of Arora's first set of discovery requests.  Nor does TSI's response discuss the motion to compel as it relates to this particular request for production.  Consequently, this dispute appears to be moot.

## CONCLUSION

For the aforementioned reasons, Arora's first motion to compel discovery responses, Dkt. 37, is denied in its entirety and Arora's second motion to compel discovery responses is denied in part and granted in part.  Dkt. 39.  It is so ordered.

Date:  10/5 /2016

_____
Charles P. Kocoras
United States District Court Judge