# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASHOK ARORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 15-cv-4941 |
| | ) |
| TRANSWORLD SYSTEMS INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Transworld Systems Inc.'s ("TSI") motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Northern District of Illinois Local Rule 56.1 against Plaintiff Ashok Arora ("Arora"). For the following reasons, the Court grants the motion.

## BACKGROUND

The following facts taken from the record are undisputed, except where otherwise noted. Arora filed this action alleging that TSI violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*, by calling his cell phone with an automatic telephone dialing system[1] ("ATDS") and without prior express consent. Specifically, Arora contends that between August 25, 2014 and

---

[1] The term ATDS is statutorily defined as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

November 17, 2014, he received seven calls on his cell phone from a telephone number ending in 6101. According to Arora, this number is owned or controlled by TSI. Furthermore, Arora alleges that between September 5, 2014 and November 29, 2014, he received five calls on his cell phone from a telephone number ending in 2831. Arora maintains that this number is also owned or controlled by TSI.

In contrast, TSI claims that from August 25, 2014 through November 17, 2014, it placed a total of 13 calls to Arora. When calling Arora, TSI argues it used a web-based dialing program called Live Vox Human Call Initiator ("Human Call Initiator"). According to Jonathan Klein ("Klein"), Senior Compliance Manager for TSI, the Human Call Initiator is a human initiated and human controlled dialing system that requires a TSI agent to manually initiate every call. Each call initiated from a Human Call Initiator must be initiated by a human "clicker agent." The clicker agent is responsible for confirming that the number to be called is the correct number, and after doing so, launching the call by physically clicking the number. When any TSI representative uses the Human Call Initiator system, he or she must click on a dialogue box to confirm the launching of a call to a particular telephone number. The call cannot be launched unless the clicker agent clicks on the dialogue box.

The TSI clicker agent is also able to monitor a real-time dashboard that contains information about "closer agent" availability, the number of calls in progress, and related metrics. The closer agent is the agent designated by TSI to speak with the

call recipient. When a call made by the Human Call Initiator is answered, it is transferred to the closer agent to engage the consumer in a conversation.

## **LEGAL STANDARD**

A motion for summary judgment requires the Court to construe all facts and to draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact arises where a reasonable jury could find, based on the evidence of record, in favor of the non-movant. *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court considers the whole record. *See id*. at 255–56.

Northern District of Illinois Local Rule 56.1 requires the "party moving for summary judgment to include with the motion 'a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to a judgement as a matter of law.'" *Ammons v. Aramark Unif. Serv*s., Inc., 368 F.3d 809, 817 (7th Cir. 2004) (quoting N.D. Ill. R. 56.1(a)(3)). "The movant bears the initial burden of showing that no genuine issue of material fact exists." *Genova v. Kellogg*, 2015 WL 3930351, at *3 (N.D. Ill. June 25, 2015). "The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the movant bears the burden of proof at trial." *Id*. The non-moving party must respond to the movant's Local Rule 56.1(a)(3)

statement and may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits. N.D. Ill. R. 56.1(b); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-movant must support his contentions with documentary evidence of specific facts that demonstrate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

## **DISCUSSION**

TSI argues that it "cannot be liable, as a matter of law, under the TCPA because there is no evidence that TSI was utilizing a device which constitutes an 'automatic telephone dialing system' . . . when calling [Arora's] cellular telephone." TSI contends that the Human Call Initiator system used to call Arora's cell phone "required human intervention, had no predictive functionality, and could not make an automated call" - all in compliance with the TCPA. Arora disputes TSI's assertion that it used a Human Call Initiator system to call his cell phone. Furthermore, Arora claims that, even if TSI used a Human Call Initiator, he has exposed "hidden autodialing potential" in violation of the TCPA.

The TCPA prohibits the use of an ATDS to call a person's cell phone unless the person gives prior consent or the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii). Neither party disputes that TSI made phone calls to Arora's 3846 number, or that the 3846 number is a cell phone. To succeed on his TCPA claim, Arora must show that TSI made the telephone calls with an ATDS. Arora fails to meet this requirement.

4

In its motion for summary judgment, TSI argues that the calls it placed were not made with an ATDS or any other equipment subject to the TCPA. Instead, TSI maintains that the calls to Arora were made through the Human Call Initiator – "a system specifically designed to comply with the requirements of the TCPA." In response, Arora claims that TSI did not use a Human Call Initiator to call him. However, Arora offers no evidence to support his allegation. At summary judgment, a plaintiff must rely on more than mere speculation to support his claim. *See Good v. Univ. of Chi. Med. Ctr.*, 673 F.3d 670, 675 (7th Cir. 2012) ("[G]uesswork and speculation are not enough to avoid summary judgment."), overruled on other grounds by *Ortiz v. Werner Enters., Inc.*, 673 F.3d 670 (7th Cir. 2016). For that reason, Arora's unsubstantiated claim that TSI called him using a technology other than a Human Call Initiator is rejected.

Arora, in an attempt to save his claim, also argues that the Human Call Initiator is an ATDS. According to Arora, his background as a software developer and his own research "shows that [a Human Call Initiator] has the potential capability to be an Automated Telephone Dialing System . . . as required by TCPA." However, as TSI notes Arora's unsupported claim is contradicted by three recent federal court opinions holding that Human Call Initiators are not an ATDS.

In *Pozo v. Stellar Recovery Collection Agency, Inc.*, the Court thoroughly analyzed the Human Call Initiator system and concluded it was not an ATDS. "In sum, because Stellar's Human Call Initiator system required its representatives to

5

manually dial all calls and was not capable of making any calls without human intervention, Stellar did not employ an autodialer. Because Stellar did not make autodialed calls, Stellar cannot be liable under the TCPA." *Id*., 2016 WL 7851415, at *6 (M.D. Fla. Sept. 2, 2016).

Similarly, in *Smith v. Stellar*, both the Magistrate Judge and District Judge analyzed the Human Call Initiator system and determined it is not an ATDS. 2017 WL 955128 (E.D. Mich. Mar. 13, 2017) ("Stellar I"); 2017 WL 1336075 (E.D. Mich. Feb 7. 2017) ("Stellar II"). In *Stellar II*, the Magistrate Judge recognized the important role of the agents who launched the calls and noted that "[w]hen the HCI system is in use, human intervention—the function of the clicker agents—is clearly required." *Id*. at *6. Accordingly, the Magistrate Judge found that plaintiff failed to create a genuine material dispute of fact over whether the Human Call Initiator dialing system constitutes an autodialer and recommended summary judgment be entered in favor of the defendant. *Id*. at *13.

After review of the Magistrate Judge's recommendation, the District Court granted Defendant's request for summary judgment on her TCPA claim. In *Stellar I*, the Court noted that the Human Call Initiator system "is characterized by one key factor that separates it from autodialers: it requires human intervention—the clicker agent—to launch an outgoing call." *Stellar I*, at *6. Because "the basic function of an autodialer is the capacity to dial phone numbers '"without human intervention,"'" and the HCI system lacks that capacity, the HCI is not an autodialer." *Id*.

Instead of challenging these rulings, Arora argues that the Human Call Initiator is "vulnerable" to automation which could convert it to an autodialer. However, this argument was considered and rejected in both *Stellar* and *Pozo*. Additionally, Arora offers no specific evidence to support his hypothesis. Instead, like the plaintiff in *Stellar*, Arora cherry-picks the testimony of Kevin Stark ("Stark"), Director of Product Management at LiveVox Inc., to build the case that the Human Call Initiator is an ATDS. However, Stark's testimony describing the Human Call Initiator makes clear that "none of the software or hardware used in the HCI system is used by any of the other calling systems, and that the HCI dialing system is unique in that it lacks the capacity to perform predictive dialing." Stark further testified that the Human Call Initiator system is cloud-based, and "cannot store numbers . . . there is nothing that can be added, activated, deactivated to that system that would allow for number storage within the HCI dialing system." Rather, Stark testified, the numbers are stored in a "campaign database" on a LiveVox server and "presented to the [clicker] agent" through a system component called an Automatic Call Distributor ("ACD"). Thus, every call made using the Human Call Initiator requires direct human intervention to initiate. Therefore, this Court, like the previous Courts who have considered this technology, finds that that Human Call Initiator system does not constitute an autodialer. Because all calls from TSI were made with human intervention, and not with an ATDS, Arora's TCPA claim fails as a matter of law.

In a final attempt to survive summary judgment, Arora makes numerous references in his response brief and sur-reply to alleged calls placed by TSI in 2010. As TSI states, these calls are irrelevant for two reasons. First, in his complaint Arora never alleged any violations resulting from calls placed in 2010. Instead, the complaint only alleges violations of the TCPA for calls made between August 25, 2014 and November 29, 2014. As the Seventh Circuit has consistently held, a party may not "introduce a new factual basis not previously presented in the pleadings" to defeat a motion for summary judgment. *Whitaker v. Milwaukee Cty., Wis.*, 772 F.3d 802, 808 (7th Cir. 2014). Second, even if Arora had properly added these claims to his complaint they are barred by the TCPA's four year statute of limitations. 28 U.S.C. § 1658. Since this lawsuit was filed on June 4, 2015, any claims arising from calls placed prior to June 4, 2011 are time-barred.

## **CONCLUSION**

For the aforementioned reasons, the Court grants the motion and enters judgment in TSI's favor and against Arora. It is so ordered.

Dated: 8/23/2017

_____
Charles P. Kocoras
United States District Judge